**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5517-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY C. WYATT, a/k/a
ANTHONY C. WYATT SCALES,
ANTHONY C. SCALES-WYATT,
ANTHOY C. SCALES, and
RYAN E. MARRLOW,

     Defendant-Appellant.

_____

Submitted September 11, 2019 – Decided September 23, 2019

Before Judges Koblitz and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-07-1923.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel Vincent Gautieri, Assistant Deputy Public Defender, of counsel and on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Anthony C. Wyatt appeals from his June 21, 2018 conviction after a jury trial for the second-degree crimes of unlawful possession of a gun, N.J.S.A. 2C:39-5(b)(1), and certain persons previously convicted not permitted to have weapons, N.J.S.A. 2C:39-7(b)(1). He was sentenced to five years in prison with three and one-half years of parole ineligibility consecutive to five years in prison without parole eligibility. The sentence was concurrent to an eighteen-month sentence on a separate indictment not the subject of this appeal. Defendant argues on appeal that, although he stipulated to a 2008 drug conviction, because the certain persons indictment referred to a 2002 enumerated offense, his conviction should be reversed. He also maintains that the trial judge gave insufficient reasons for imposing consecutive sentences. After reviewing the record in light of the contentions advanced on appeal, we affirm.

Two police officers arrested defendant and recovered a gun he had thrown in the bushes. He was indicted for three gun charges.[1] The certain persons count charged that he was in possession of a gun after having been convicted in 2002

_____

[1] The indictment also charged defendant with receiving a stolen gun, but that count was dismissed prior to trial.

of a violation of N.J.S.A. 2C:35-5(a)(1), third-degree possession of drugs with the intent to distribute, one of the enumerated offenses required for the certain persons crime. N.J.S.A. 2C:39-7(b)(1). At trial, defense counsel stipulated that defendant had been convicted in 2008 of third-degree possession of drugs with the intent to distribute. The State also introduced a certified conviction for the 2008 crime.

Defendant raises the following issues on appeal:

> POINT I: WYATT'S CERTAIN-PERSONS CONVICTION MUST BE VACATED BECAUSE THE STATE NEVER PROVED AN ELEMENT OF THE OFFENSE AS CHARGED IN THE INDICTMENT – THAT WYATT HAD COMMITTED AN ENUMERATED DRUG OFFENSE IN 2002 (NOT RAISED BELOW).

> POINT II: WYATT IS ENTITLED TO A REMAND FOR RESENTENCING BECAUSE THE JUDGE ERRONEOUSLY CONCLUDED THAT CONSECUTIVE SENTENCES WERE WARRANTED UNDER A STATE V. YARBOUGH ANALYSIS FOR UNLAWFUL GUN POSSESSION AND POSSESSION BY A "CERTAIN PERSON."

Defendant raises for the first time on appeal that because the indictment reflected an enumerated offense from 2002, while at trial the parties stipulated he committed that offense in 2008, defendant was deprived of his right to a

presentation before the grand jury. To merit reversal, plain error must be "clearly capable of producing an unjust result." R. 2:10-2.

Apparently, neither defense counsel, the prosecutor, nor the judge noticed that defendant stipulated to a more recent prior drug crime than the one set forth in the indictment. The presentence report reflects that defendant was also convicted of the 2002 crime mentioned in the indictment. Defendant does not dispute that he was previously convicted of both the enumerated 2008 crime proved at trial as well as the similar older crime mentioned in the indictment. We see no fundamental injustice in the State's proving the more recent crime rather than the older crime.

Nor do we see any harm in the judge informing the jury only that the State had to prove a prior third-degree crime, rather than listing the statutory enumerated crimes. Defendant did not object to the charge. See State v. Singleton, 211 N.J. 157, 182 (2012) ("If the defendant does not object to the charge at the time it is given, there is a presumption that the charge was not error and was unlikely to prejudice the defendant's case."). Nor did the charge have the clear capacity to mislead the jury in these circumstances, when defendant stipulated to his guilt to an enumerated crime.

Defendant also argues that the judge failed to consider sufficient factors to impose consecutive sentences. See State v. Yarbough, 100 N.J. 627, 643-44 (1985). The State moved for a discretionary extended term. Although defendant met the statutory requirements for a discretionary extended term as a persistent offender, N.J.S.A. 2C:44-3(a), the judge chose not to impose such a severe penalty.

Although each second-degree crime carried a maximum sentence of ten years in prison, the judge sentenced defendant to consecutive five-year terms, concurrent to another sentence defendant was serving. He imposed an aggregate sentence of ten years with an eight and one-half year parole disqualifier. Given the possible sentencing parameters, we "focus . . . on the fairness of the overall sentence," finding the consecutive sentences were not unduly harsh. See State v. Abdullah, 184 N.J. 497, 515 (2005) (quoting State v. Miller, 108 N.J. 112, 122 (1987)). In imposing the two sentences consecutively, the judge discussed the Yarbough factors, relying on the fact that mere possession of a gun and the certain persons offense were "predominantly independent of each other and clearly do not reflect, even under the broadest of interpretation, a single aberrant behavior." We are satisfied that the court correctly applied the guidelines for imposing consecutive terms.

A-5517-17T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION